**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5268**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERIC THOMPSON, a/k/a Derick Cannon,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Liam O'Grady, District Judge.  (3:10-cr-00128-LO-1)

———————————

Submitted: July 28, 2011          Decided: August 17, 2011

———————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David R. Lett, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Eric Thompson on four counts of robbery affecting commerce, in violation of 18 U.S.C. § 1951 (2006), four counts of using, carrying, and possessing a firearm in relation to the robberies, in violation of 18 U.S.C. § 924(c)(1) (2006), and one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Thompson was sentenced to a total of 1,097 months of imprisonment.

On appeal, Thompson first challenges his convictions for a March 24, 2010, robbery of a Family Dollar store (Count Five) and the related firearms offense (Count Six). Thompson contends that the Government did not sufficiently prove that he was the person who committed the March 24 crimes because of the lack of a definitive eyewitness identification.

When an appellant challenges the sufficiency of the evidence, the "jury verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (emphasis and internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367

2

(4th Cir.) (internal quotation marks and citation omitted), cert. denied, 131 S. Ct. 271 (2010).

In determining whether substantial evidence supports the verdict, "this Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009) (internal quotation marks and citations omitted). "[A]ppellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Green, 599 F.3d at 367 (internal quotation marks and citation omitted). Thompson's counsel objected to the sufficiency of the evidence at trial, but the district court found sufficient evidence to submit the matter to the jury. Thus, we review the sufficiency of the evidence de novo. Green, 599 F.3d at 367. After reviewing the record, we easily conclude that substantial evidence supports the jury's convictions of Thompson on Counts Five and Six.

Thompson next asserts that the district court erred when it overruled his objection to the Government's exercise of a peremptory challenge to strike a black male juror. When defense counsel raised a challenge pursuant to Batson v. Kentucky, 476 U.S. 79 (1986) to the use of a peremptory strike to remove the juror, the Government denied discriminatory intent

and explained that it struck the juror because he seemed distant, inattentive, and disengaged.  The district court overruled the objection.

The use of a peremptory challenge for a racially discriminatory purpose offends the Equal Protection Clause. Batson, 476 U.S. at 84-90.  The trial court's resolution of a Batson challenge is largely a credibility determination, and thus this court gives "great deference" to the trial court's findings as to whether a Batson violation occurred, and reviews its findings for clear error.  Green, 599 F.3d at 377; United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008).

A three-step process is used to analyze a Batson claim.  First, the party opposing the strike must make a prima facie showing that the opposing party exercised the strike on the basis of race.  Batson, 476 U.S. at 96-97.  The burden then shifts to the party exercising the strike to offer a racially neutral explanation for removing the juror in question.  Id. at 97-98.  When conducting this analysis, "the decisive question [is] whether counsel's race-neutral explanation . . . should be believed."  Hernandez v. New York, 500 U.S. 352, 365 (1991).

Once the neutral explanation is presented, the complaining party must prove purposeful discrimination.  Batson, 476 U.S. at 98.  A movant may show purposeful discrimination by demonstrating that the opposing party's explanation is a mere

4

pretext for racial discrimination. Farrior, 535 F.3d at 221. The party must "show both that [counsel's stated] reasons were merely pretextual and that race was the real reason for the strike." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994) (emphasis in original). In making this showing, the party "'may rely on all relevant circumstances to raise an inference of purposeful discrimination.'" Golphin v. Branker, 519 F.3d 168, 179 (4th Cir. 2008) (quoting Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

Thompson failed to establish a prima facie case that the Government exercised the peremptory challenge on the basis of race. A prima facie case does not arise merely because a racial minority has been struck from the venire. Farrior, 535 F.3d at 221. Moreover, the Government offered the prospective juror's disinterest and lack of attentiveness as a race-neutral reason for its challenge. "A prosecutor is justified in striking jurors that he or she perceives to be inattentive or uninterested." United States v. Garrison, 849 F.2d 103, 106 (4th Cir. 1988). Thompson failed to show that the proffered reason was pretextual. Therefore, we conclude that the district court did not clearly err in overruling the Batson objection.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED